DARIUS HOBER, as Administrator of the Estate of LEWIS CORNISH, Deceased, Respondent, *v.* NEW YORK AND PENNSYLVANIA RAILWAY COMPANY, Appellant.

*Hober* v. *N. Y. & Pennsylvania Ry. Co.*, 171 App. Div. 887, affirmed.

(Argued January 24, 1917; decided February 9, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 18, 1915, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of the defendant. Plaintiff's intestate was employed as a fireman on a passenger train. He was engaged in interstate commerce. The train stood in front of defendant's station at Shinglehouse, Penn. It was delayed there fifteen or twenty minutes by reason of a defect in the air brake system. The members of the train crew were trying to locate the defect when engine 44 running wild with no one upon it crashed into the passenger engine jambing it back and killing Cornish, who was sitting between the tender and the first car. The case was sent to the jury under the Federal Employers' Liability Act on the question whether or not this defendant should have anticipated and taken precautions against a trespasser climbing on to engine No. 44, throwing the reverse lever and opening the throttle. Defendant maintained on the trial, in its motions for nonsuit, direction of verdict and new

trial, and now maintains before this court: *First*, that in the state of Pennsylvania, where the action arose, the defendant, as a matter of law, was not bound to anticipate, under the facts of this case, that a trespasser would start engine No. 44. *Second*, that under the established rules of law the proximate cause of this accident was the starting of engine No. 44 by a third person not within control of defendant. *Third*, that under the Federal Employers' Liability Act and under the laws of the state of Pennsylvania plaintiff's intestate assumed the risk of being run over when as alleged he left his engine in disobedience to his engineer's orders and to the rules of the railroad, and, out of curiosity, sat inside the rails behind his engine.

*Howard Cobb* and *William G. Kellogg* for appellant.

*J. W. Hollis* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and CRANE, JJ. Not voting: HISCOCK, Ch. J.